IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFF HOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:23-cv-717-RAH-SMD |
| | ) |
| JOHN Q. HAMM | ) |
| in his official capacity as Commissioner, | ) |
| Alabama Department of Corrections, and | ) |
| | ) |
| TERRY RAYBON | ) |
| in his official capacity as Warden, | ) |
| Holman Correctional Facility, | ) |
| | ) |
| Defendants. | ) |

**<u>ORDER</u>**

Accompanying Plaintiff Jeff Hood's Complaint (Doc. 1) is an application to proceed without prepaying fees or costs (Doc. 2). The Court ordered Hood to supplement his application with additional information (Doc. 8), and he complied, filing a new application (Doc. 10). Now Pending before the Court are the Motions for Leave to Proceed *In Forma Pauperis* (Docs. 2, 10).

A litigant may proceed *in forma pauperis*—i.e., without prepayment of court fees and costs—if he shows, by affidavit, that he is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (affirming the application of § 1915's provisions to a non-prisoner's complaint). The

*in forma pauperis* statute ensures that indigent persons have equal access to the judicial system. *Attwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). However, "proceeding *in forma pauperis* is a privilege, not a right," *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986), and "should not be a broad highway into the federal courts," *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam).

Although a court has broad discretion to deny an application to proceed *in forma pauperis*, it must not act arbitrarily and it may not deny the application on erroneous grounds. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306-07 (11th Cir. 2004) (per curiam). When considering a motion to proceed *in forma pauperis* "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).[1] But an affidavit need not show that the litigant is "absolutely destitute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948). Instead, *in forma pauperis* status should be granted if an affidavit shows that the litigant, because of his poverty, is unable to pay court fees and costs while also providing necessities for himself and his dependents. *Id.* at 339.

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

"A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (per curiam) (unpublished) (citing *Martinez*, 364 F.3d at 1307-08). As part of this analysis, a court may consider the litigant's ability to procure funds from a spouse, parent, adult sibling, or other next friend. *Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) (per curiam) (funds "derived from family sources" are relevant to IFP determination); *Wilson v. Sargent*, 313 F.3d 1315, 1319-20 (11th Cir. 2002) (per curiam) (same).

In the instant action, the information provided in the supplemental motion (Doc. 10) indicates that Hood maintains sufficient financial assets to afford the filing fee. Although Hood earns no income as his children's caretaker, his spouse is employed and earns a monthly income of $4,542.00. A review of their monthly expenses indicates that such expenses do not exceed the monthly income from the wife's employment. This Court therefore finds that Hood has failed to demonstrate that he is unable to pay the filing fee or provide security therefor. See 28 U.S.C. § 1915(a)(1). Thus, Hood does not qualify to proceed *in forma pauperis* in this action.

Accordingly, it is

ORDERED as follows:

(1) The Motions for Leave to Proceed *In Forma Pauperis* (Docs. 2, 10) are DENIED;

(2) Hood is permitted a period of fourteen calendar days from the date of this order to pay the requisite filing fee to the Clerk. Hood is CAUTIONED that the failure to pay the requisite filing fee to the Clerk within the allotted time may result in a dismissal of this action.

DONE, on this the 20th day of December, 2023.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE